No. 2469

Second Circuit

REEVES  v.  PYLE

(March 11, 1926, Opinion and Decree)
(April 10, 1926, Rehearing Refused)

*(Syllabus by the Editor.)*

1.  **Louisiana Digest—Automobiles Par. 4, 4 (a).**

The driver of an automobile upon the highway has not the right of way; he must anticipate the use of the road by others, and he must, having regard to the rate of speed at which he is traveling (which must be reasonable, considering the place and the law) maintain such an observance of the road in front of him that he can avoid colliding with any vehicle which may obstruct the way, at the initial point of obstruction, when such obstruction is at such distance as to allow reasonable time to avoid collision, by the use of the means at his hands, without resort to heroic measures.

2.  **Louisiana Digest—Automobiles—Par. 8; Evidence—Par. 53.**

The burden of proof was upon the plaintiff to show that he drove the wagon onto the left of the road at such distance from the automobile as that the defendant could have, in the exercise of ordinary care, avoided the collision.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Eighth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by E. A. Reeves against Ed. C. Pyle to recover one thousand one hundred and twenty dollars damages.

There was judgment for two hundred dollars and both parties appealed.

Defendant only perfected the appeal. Judgment affirmed.

A. D. Flowers, of Jena, attorney for plaintiff, appellee.

C. W. Flowers, of Jena; Thornton, Gist & Richie, of Alexandria, attorneys for defendant, appellant.

WEBB, J.  In this action the plaintiff seeks to recover judgment in the sum of one thousand one hundred and twenty dollars, damages alleged to have been sustained in a collision occurring on the public highway between a wagon driven by plaintiff and an automobile driven by defendant.

Plaintiff alleges that defendant was at fault in that he was driving at an excessive speed and in violation of law and that he failed to maintain a proper lookout.

The defendant denied the allegations of negligence and averred that the collision was attributable to plaintiff's fault in driving his wagon in front of the approaching automobile at such close proximity that it was impossible for defendant to avoid the collision.

The judgment of the district court was in favor of the plaintiff in the sum of two hundred dollars, and both parties took orders of appeal, defendant alone perfecting the appeal.

Plaintiff did not answer the appeal.

OPINION

While the evidence is conflicting and vague as to some material facts, it establishes with unusual certainty the incidents and physical situation preceding and following the collision, from which it appears:

That during the evening of February 25, 1925, at about 7:30 o'clock, the plaintiff had driven a wagon along the highway from Jena in the direction of Good Pine until he reached a point opposite a private road leading from the left side of the highway to plaintiff's home where the wagon was stopped on the right side of the roadway; from thence the plaintiff drove onto the left of the road, and when the front wheels of the wagon were upon the left of the road, an automobile being driven by the defendant, from Good Pine in the direction of Jena, came into collision with the wagon, striking it on the left front wheel, breaking several spokes, and knocking the wagon aloose from the mule which was drawing it, and shoving the wagon a few feet along the road.

The testimony of the witnesses as to the speed of the automobile and the distance between the automobile and the wagon when the latter passed onto the left of the road, conflicts; the testimony of the witnesses for the respective parties being, in substance, as follows:

For plaintiff, Albert Whidden, who was on the wagon with plaintiff, and B. A. Poole, who was standing on the left of the highway near the point where the private road led off to plaintiff's home, and plaintiff, estimated the speed of the car as excessive and above the rate of thirty-five miles an hour, the maximum limit fixed by law, and the distance between the automobile and the wagon at the time plaintiff started to drive from the right to the left of the road from two hundred and fifty to one hundred yards.

For defendant, C. S. Malcom and J. P. Walters, who were in the car with plaintiff, estimated the speed of the car to have been between twenty-five and thirty miles per hour, and the distance between the automobile and wagon at the time plaintiff started to drive from the right to the left of the road from thirty-five to forty feet.

The evidence of the defendant, however, shows that when the automobile was at the approximate distance of thirty-five or forty feet from the wagon the roadway was in fact blocked by the mule and wagon, and that, although the defendant applied the brakes, causing the car to skid, in an attempt to stop the car or look for an opening to the rear of the wagon, he was unable to do more than to reduce the speed of the car to eight or ten miles per hour at the moment of collision.

This clearly indicates that the roadway in front of defendant had been obstructed by the mule and wagon for a period appreciable in seconds before defendant noted the sitation, and that in fact defendant did not know when the wagon and mule first came upon the left of the road, and also that, had the defendant noted the situation earlier, say when the distance the car and point of obstruction was one hundred and fifty feet, the collision would have been avoided.

The driver of an automobile upon the highway has not the right of way; he must anticipate the use of the road by others and he must, having regard to the rate of speed at which he is traveling (which must be reasonable, considering the place and the law) maintain such an observance of the road in front of him that he can avoid colliding with any vehicle which may obstruct the way, at the initial point of obstruction, when such obstruction is at such distance as to allow a reasonable time to avoid collision, by the use of the means at his hand, without resort to heroic measures.

The burden of proof was upon the plaintiff to show that he drove the wagon onto

the left of the road at such distance from the automobile as that the defendant could have, in the exercise of ordinary care, avoided the collision; and while the evidence does not enable us to fix the exact distance between the wagon and the automobile when the former first appreciably obstructed the left of the road, yet in view of the evidence showing that the defendant and his witnesses did not know, and the plaintiffs witnesses estimates fixing this distance between two hundred and fifty and one hundred yards, we are of the opinion that the preponderance of the evidence shows that the distance was such as that the defendant, if he had been exercising ordinary care, would have been able to avoid the collision,

The judgment is affirmed.